## PAUL ATKINS *vs.* DANIEL F. LEWIS.

Barnstable. January 12, 1897. — June 1, 1897.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Contract — Labor and Supplies furnished Fishing Vessel — Part Owner — Agency — Revocation of Authority.*

At the trial of an action by A. against B., a part owner of a schooner, for labor and supplies furnished in fitting her out for a fishing voyage, it appeared that A. was employed by C., who was another part owner and had been for several years the managing owner; that before the labor and supplies were furnished B. gave notice to C. not to incur any further expense on the schooner on his account; that A. did not know of this; and that B. gave no notice, except to C., of his intention not to join in the enterprise for which the schooner was fitted. B. knew of the fitting, but it did not appear that he knew that A. was furnishing the labor and supplies, nor did it appear that A. had had any previous dealings with C., and there was no evidence of his knowledge of C.'s relation to the vessel. *Held*, that the action could not be maintained.

CONTRACT, to recover of a part owner of a schooner for labor and supplies furnished in fitting her out for a fishing voyage. The case was submitted to the Superior Court, and, after judgment for the defendant, to this court, on appeal, upon the findings of an auditor as an agreed statement of facts, the nature of which appears in the opinion.

*R. A. Hopkins*, for the plaintiff.

*G. A. King*, for the defendant.

MORTON, J. This is an action to recover of the defendant, as part owner, for labor and supplies furnished in fitting out a schooner for a fishing voyage. The plaintiff was employed by one Whorf, who also was a part owner, and who for several years had been the managing owner. Before the labor and supplies were furnished, the defendant gave notice to Whorf not to incur any further expense on the schooner on his account. The

plaintiff did not know of this, and the defendant gave no notice, except to Whorf, of his intention not to join in the enterprise for which the schooner was fitted out.   He knew that she was being fitted out when the labor and supplies were furnished, but it does not appear that he knew that the plaintiff was furnishing them.   Neither does it appear that the plaintiff had had any previous dealings with Whorf, or what he knew concerning Whorf's relation to the vessel.

The plaintiff relies on the power of Whorf, as part owner and as managing owner, to bind the defendant.   But we do not think that he had power simply as a part owner to bind him.   Part owners of a vessel are not partners by virtue of their ownership. They are tenants in common.   *French* v. *Price*, 24 Pick. 13. *Starbuck* v. *Shaw*, 10 Gray, 492.   *The Larch*, 2 Curt. C. C. 427. *Frazer* v. *Cuthbertson*, 6 Q. B. D. 93.   *McLellan* v. *Cox*, 36 Maine, 95.

They are not the agents one of another, with power to bind each other in regard to matters relating to the ship.   No relation of agency necessarily arises out of the character of their ownership.   Under some circumstances an agency will be implied perhaps, as, for instance, when one part owner has acted without objection or dissent from the others in regard to repairs or supplies.   *McCready* v. *Thorn*, 51 N. Y. 454.   And from the nature of the property there may be good reason for implying an agency more readily than in the case of other chattels owned in common.   But to enable one part owner to bind another, something more than the fact of part ownership, and that the repairs or supplies were reasonable or necessary, must appear. There must be an agency of some sort, or such circumstances as to preclude the part owner whom it is sought to charge from denying his liability.   *Brodie* v. *Howard*, 17 C. B. 109.   Reference is made in a leading text book to the rule laid down by some foreign writers, that one part owner can bind another for repairs, but the learned author remarks that he has not found the rule adopted in practice in any country.   Abbott, Merchant Shipping, (13th ed.) 84.

In the present case, if Whorf was ever appointed or authorized to act as his agent by the defendant, the power to do so was revoked before the supplies and labor were furnished.   It makes

no difference that the plaintiff did not know of it. If the defendant had sold his interest, he would not have been obliged to give notice to the plaintiff to avoid liability for repairs subsequently made. *Hussey* v. *Allen*, 6 Mass. 163. Leaving out of the question parties accustomed to dealing with an agent of whose appointment as such they had knowledge, we do not see that the reason is any stronger for requiring notice of an express revocation than of a revocation which takes place by operation of law in consequence of a sale. See *Brodie* v. *Howard*, *ubi supra ; Mitcheson* v. *Oliver*, 5 El. & Bl. 419. There is nothing, as already observed, tending to show that the plaintiff had ever dealt with Whorf before the transactions in question, nor, further, that he relied on any holding out by the defendant of Whorf as his agent, or that the defendant held him out or suffered him to act as such after he had revoked his authority. After the defendant had expressed his dissent to fitting the vessel for the proposed voyage, we think that Whorf as managing owner had no authority under the circumstances to bind him. *Frazer* v. *Cuthbertson*, *Brodie* v. *Howard*, and *Mitcheson* v. *Oliver*, *ubi supra. Bowen* v. *Peters*, 71 Maine, 463. *Stedman* v. *Feidler*, 20 N. Y. 437. Abbott, Merchant Shipping, (13th ed.) 92.

It appears from the writ and other papers in the case that the parties all lived in Provincetown, and that the vessel belonged there. It is objected by the defendant that Whorf would not have power to bind the defendant for repairs in the home port. As part owner merely, for reasons already given, he clearly would not. *Hardy* v. *Sproule*, 31 Maine, 71. So far as he was managing owner, we do not see why he had not the power to bind those whose agent he was, in the home port as well as elsewhere. It is to be observed that the fact that the repairs and supplies were furnished in the home port would have rendered it easier for the plaintiff to ascertain, as he was bound to do, whether Whorf had power to bind the defendant, if he relied on his authority as managing owner. *The Valencia*, 165 U. S. 264. Mechem, Agency, § 274. He does not appear to have made any effort to do so, and his supposition or belief that Whorf had such power is not enough.

*Judgment affirmed.*